BLD-046                                                                       November 25, 2014
**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

No. **14-2997**

UNITED STATES OF AMERICA

cv

RONNY POLANCO, Appellant

(D.N.J. Civ. No. 2:03-cv-04843)

Present:     AMBRO, JORDAN and KRAUSE, Circuit Judges

Submitted are:

(1)   By the Clerk, the within appeal, for possible dismissal due to a jurisdictional defect;

(2)   Appellant's Document in Support of Appeal; and

(3)   Appellee's Response to Letter Advising of Possible Dismissal

in the above-captioned case.

                                                      Respectfully,

                                                      Clerk

MMW/RTS/jw/cjg
_____ **O R D E R** _____

The foregoing appeal is dismissed for lack of appellate jurisdiction because it was taken from a non-existent order. See 28 U.S.C. § 1291.  The District Court's initial inaction regarding Appellant's petition pursuant to 28 U.S.C. § 2241 did not constitute a final order on the petition (despite Appellant's argument to the contrary and the length of time in which Appellant's District Court action was pending).  We observe that, subsequent to Appellant's filing his June 9, 2014 notice of appeal, the District Court, on July 14, 2014,

(Continued)


**BLD-046**
Page 2
USA v. Polanco
C.A. No. 14-2997

_____

_____ **O R D E R** _____

entered final judgment in the case. However, Appellant did not amend his notice of appeal or file a new notice of appeal challenging that judgment, and the ordinary time for appeal has now passed. See Fed. R. App. P. 4(a)(1)(B). Although certain appeals may ripen upon a District Court's entry of a final judgment, see Cape May Greene, Inc. v. Warren, 698 F.2d 179, 184-85 (3d Cir. 1983), we conclude that the Cape May Greene doctrine does not apply here. See DL Res., Inc. v. FirstEnergy Solutions Corp., 506 F.3d 209, 215 (3d Cir. 2007).

Although the ordinary time for filing an appeal from the District Court's July 14, 2014 order has passed, we observe that, under limited circumstances, district courts have the ability to extend the time for filing a notice of appeal, see Fed. R. App. P. 4(a)(5), and to reopen the time to file an appeal, see Fed. R. App. P. 4(a)(6). If Appellant believes that he has satisfied the Rule 4(a)(5) criteria for obtaining an extension of time or the Rule 4(a)(6) criteria for reopening the time to appeal, he may file a motion *in the District Court* requesting relief. We express no opinion as to whether Appellant is entitled to relief under those Rules. With this order, the Clerk is directed to provide Appellant with a copy of Fed. R. App. P. 4(a)(5) and Fed. R. App. P. 4(a)(6).

Finally, to the extent that Appellant's notice of appeal may be construed as a petition for writ of mandamus based on delay, we deny the petition as moot because the District Court has already decided Appellant's § 2241 petition, as well as his motion to vacate pursuant to 28 U.S.C. § 2255.

By the Court,

s/ Thomas L. Ambro
Circuit Judge

Dated: December 4, 2014
CJG/cc:    Ronny Polanco
           Mark E. Coyne, Esq.
           Glenn J. Moramarco, Esq.

**A True Copy:**

Marcia M. Waldron, Clerk
Certified order issued in lieu of mandate.